# EXHIBIT A

Filed in The District Court
of Travis County, Texas

ES DEC 23 2013

At _235_ M.
Amalia Rodriguez-Mendoza, Clerk

Cause No. D-1-GN-13-004302

| | | |
|---|---|---|
| ALEX S. BODEA | § | IN THE DISTRICT COURT |
| VS | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ABM JANITORIAL SERVICES-SOUTH | § | |
| CENTRAL, INC. d/b/a ABM | § | |
| JANITORIAL SERVICES and ALL | § | |
| OTHER ENTITIES DOING BUSINESS | § | |
| AS ABM JANITORIAL SERVICES | § | 345th JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Alex S. Bodea, hereinafter referred to as "Plaintiff", complaining of ABM Janitorial Services-South Central, Inc. dba ABM Janitorial Services, hereinafter "Defendant ABM Janitorial Services" and all other entities doing business as ABM Janitorial Services, and for cause of action would respectfully show as follows:

I.
*Jurisdiction and Nature of Case*

A. This lawsuit is brought pursuant to the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e *et seq.* ("Title VII") and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2615 *et seq.*

B. This suit seeks monetary relief over $100,000 but not more than $200,000.

C. Plaintiff is a resident of Travis County, Texas.

D. ABM Janitorial Services-South Central, Inc. is a foreign corporation licensed to do business in Texas, which can be served with process through its registered agent for service, C.T. Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201.

E. This case should be governed by Discovery Plan III.

II.

A. Plaintiff was employed as a project manager by Defendant ABM Janitorial Services from

July 27, 2009 until his termination on March 16, 2012.

B. Defendant ABM Janitorial Services is an "employer" within the meaning of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e *et seq.* ("Title VII").

C. At all times relevant to this lawsuit, Defendant ABM Janitorial Services employed no less than 450 employees in the Austin area.

III.

## Title VII Violation-Discrimination

A. Plaintiff repeats and realleges each and every one of the above allegations as if set forth at length herein.

B. Defendant ABM Janitorial Services is an "employer" within the meaning of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e *et seq.* ("Title VII").

C. Plaintiff alleges he was discriminated against because of his race (Hispanic) and national origin, (El Salvador), in Violation of Title VII, when he was treated less favorably than an Anglo comparator in a term and condition of his employment.

D. Plaintiff's Anglo supervisor received a report by a third party that Plaintiff was inebriated at a client's property after work hours. The supervisor suspended Plaintiff and began an investigation, requesting that Plaintiff submit a statement explaining his version of the incident, to which Plaintiff complied.

E. Plaintiff's supervisor contacted and informed a Human Resources Manager of the incident involving Plaintiff, which was not a normal procedure.

F. Defendant ABM Janitorial Services provided no rationale to the EEOC for this deviation in procedure.

G. During the same period of time, Plaintiff began requesting FMLA leave, and was instructed by the Human Resources Manager to get approval from his supervisor by first submitting a leave request.

H. Although Plaintiff complied and submitted a request for leave, this request and approval process for such leave before submitting FMLA documentation was not customary at Defendant's company.

I. Despite submitting a request for FMLA leave Plaintiff was not given the FMLA documentation he requested.

J. In the meantime, Plaintiff's reassignment to a different client property was pending clearance of his background check by the new client. The new client rejected Plaintiff due to a prior DUI conviction.

K. Subsequently, Defendant ABM Janitorial Services discharged Plaintiff for purportedly not complying with the investigation, for being insubordinate, and for misconduct in claiming that Plaintiff had caused his discharge due to his reckless and erratic behavior.

L. The EEOC's investigation disclosed that an Anglo Project Manager who had been caught intoxicated on the job, was placed on FMLA and approved to enter Defendant ABM Janitorial Services' sponsored treatment program, and was not discharged. Defendant ABM Janitorial Services was asked by the EEOC to provide relevant information regarding the Anglo Project Manager but failed to cooperate and submit the information requested.

M. As a consequence of the discriminatory actions of Defendant, Plaintiff has suffered damages, including, loss of back pay and loss of front pay.

N. Plaintiff was issued a right to sue letter on September 27, 2013 and is filing this suit within 90 days of the day he received notice of the right to sue letter.

## IV.
## Violation Of Family and Medical Leave Act

A. Plaintiff repeats and realleges each and every one of the above allegations as if set forth at length herein.

B. It is unlawful for an employer to "interfere with, restrain, or deny" an employee the right to take FMLA. 29 U.S.C. § 2615(a)(1).

C. As alleged above, Plaintiff sought leave under the FMLA shortly before March 16, 2012. At that time, Plaintiff had been employed by Defendant ABM Janitorial Services for over 12 months.

D. As alleged above, Defendant ABM Janitorial Services employed over 50 employees within a 75 mile radius of Austin, Texas where Plaintiff was employed.

E. Defendant violated Plaintiff's rights under the FMLA by refusing to provide him the necessary paperwork to process Plaintiff's request for FMLA leave.

## V.
### *Damages*

As a result of Defendant's wrongful conduct described above, Plaintiff is entitled and hereby sues for the following damages:

A. Compensatory damages pursuant to 42 U.S.C. §1981a;

B. Attorney's fees, pursuant to 42 U.S.C. §2000e-5(k);

C. Prejudgment Interest

D. Costs of Court

V.
*Request for Disclosure*

**Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant ABM Janitorial Services disclose within 50 days of the service of this request, the information or material described in Rule 194.2(a) through (k).**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant ABM Janitorial Services be cited and made to appear and answer herein, and after final hearing, that Plaintiff have judgment against Defendant ABM Janitorial Services for the damages set out above.

Respectfully submitted,

Alex S. Bodea
Plaintiff Pro Se
1215 E. 52nd Street, Apt. 106
Austin, Texas 78723
(512) 568-9469